**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2832
_____

MEMLI KRAJA; ARDITA KRAJA; JOHAN KRAJA; RUDY KRAJA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency Nos. A099-683-219, A099-683-220, A099-683-221, A099-683-222)
Immigration Judge: Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2010

Before: AMBRO, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2010)
_____

OPINION
_____

PER CURIAM

 Petitioners Memli and Ardita Kraja, a married couple, and their minor sons, Johan

and Rudi Kraja, petition for review of a decision by the Board of Immigration Appeals

("BIA") rendered on May 28, 2009. For the following reasons, we will deny the petition for review.

## I. Background

Petitioners are natives and citizens of Albania. They applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and their applications were consolidated. Petitioners claim they suffered past persecution and fear future persecution in Albania on account of Memli Kraja's membership in the Socialist Party of Albania.

Specifically, testifying before the IJ on behalf of his family, Memli Kraja ("Kraja") alleged that, beginning in 2001 until his family's move to the United States in 2005, Petitioners received hundreds of death threats aimed to force Kraja to join Albania's Democratic Party. He testified that the threats culminated in a January 2005 attack against him by armed, masked men who beat him, broke his ribs, caused him to fall and cut his head, and threatened to kill him. Kraja testified that, when he attempted to file a criminal complaint against his attackers, his son, Johan, was assaulted and threatened with a knife. Kraja also testified that the Democratic Party revoked his business license and froze his bank assets.

The Immigration Judge ("IJ") concluded that Kraja credibly testified in certain respects but, overall, was not credible. Among other things, the IJ concluded that Kraja did not credibly establish that any harm he suffered was on account of his political

affiliation or that his claims were consistent with country conditions in Albania. (See A.R. 037-38.) In addition, the IJ held that Petitioners should reasonably have presented corroborating evidence to support their claims but, because they failed to do so and did not provide an adequate explanation as to why they did not, Petitioners failed to meet their burden of proof. (See A.R. 028-30.)

Petitioners appealed. In a May 28, 2009 decision, the BIA dismissed the appeal. The BIA declined to address the IJ's adverse credibility determination. Instead, the BIA affirmed the IJ's conclusion that Petitioners failed to meet their burden of proof because they should reasonably have provided additional evidence to corroborate their claims. (See A.R. 004-05.)

This timely counseled petition for review followed.

## II. Analysis

We have jurisdiction to review final orders of the BIA. See INA § 242 [8 U.S.C. § 1252]. Here, the BIA affirmed the IJ's determination that Petitioners failed to meet their burden of proof due to their failure to provide sufficient corroborating evidence. Because the BIA discussed and relied upon the IJ's corroboration analysis, we review that aspect of the IJ's decision as well as the BIA's decision. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

### A.

Petitioners argue at length that the IJ's adverse credibility determination does not

3

rest upon substantial evidence. We need not address this claim. The BIA expressly declined to address the IJ's adverse credibility determination. (A.R. 004.) Accordingly, "we have no credibility determination to review and we will assume that [Petitioners were] . . . credible." Sandie, 562 F.3d at 250 (citing Kayembe v. Ashcroft, 334 F.3d 231, 235 (3d Cir. 2003)).

Our assumption that Petitioners were credible does not end the analysis. Even a credible applicant may be required to supply corroborating evidence to meet his burden of proof. Chukwu v. Att'y Gen., 484 F.3d 185, 192 (3d Cir. 2007).

B.

The BIA affirmed the IJ's conclusion that Petitioners failed to provide sufficient corroborating evidence to meet their burden of proof. We have held that it may be appropriate to require otherwise-credible applicants to supply corroborating evidence where there has been: (1) identification of facts for which it is reasonable to expect corroboration; (2) inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if not, (3) analysis of whether the applicant has adequately explained the failure to do so. Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001). "No court shall reverse a determination made by a trier of fact with respect to availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."[1] INA

---

[1] The REAL ID Act, enacted in May 2005, applies to Petitioners' claims.

§ 242(b)(4) [8 U.S.C. § 1252(b)(4)].

The BIA affirmed the IJ's conclusion that Petitioners failed to corroborate the central element of their case: that they "had been mistreated in Albania on account of [Kraja's] support and affiliation with the Albanian Socialist party." (A.R. 004-05.) The BIA relied upon several of the IJ's specific factual findings concerning Petitioners' failure to produce evidence to corroborate this claim, including: (1) Petitioners' failure to produce the newspaper article describing the January 2005 assault on Kraja, despite Kraja's testimony that he had a copy of the article (see A.R. 166); (2) Petitioners' failure to provide documentation of the revocation of Kraja's business license or the freezing of Kraja's bank accounts; (3) Petitioners' failure to provide evidence that the Albanian government engages in "mass appropriation" of the assets of Socialist Party members; and (4) Petitioners' failure to provide documentation from the police or the prosecutor who were involved with the criminal complaint Kraja allegedly filed after the January 2005 assault.[2] The BIA determined that Petitioners failed to demonstrate that they could not reasonably obtain this evidence and, when questioned, did not provide an adequate

---

[2] Petitioners argue that the IJ should have accepted Kraja's explanation that he "could not be given a copy" of the police report. (See Petitioners' Brief at 15, A.R. 169.) However, they provide nothing to compel the conclusion that Kraja's explanation was adequate. (See A.R. 031 ("The Respondent's assertion that simply because he is a member of the Socialist Party he cannot obtain the police reports is, in the opinion of this Court, conclusory in nature and without evidence that is objective . . . .").) Moreover, the BIA's corroboration analysis does not rest exclusively upon the absence of the police report and Petitioners do not attempt to explain any of the other noted evidentiary deficiencies.

explanation for the lack of corroboration, particularly in light of the length of time (nearly a year) the IJ permitted for preparation for the hearing.

Substantial evidence supports these conclusions. The BIA appropriately considered and applied the Abdulai factors in determining that Petitioners failed to adequately corroborate their claims.[3] Abdulai, 239 F.3d at 554; see also Sandie, 562 F.3d at 252-53.

Petitioners do not dispute any specific finding upon which the BIA relied. Instead, they argue that they provided some corroborating evidence, including a statement from Kraja's parents, letters from Kraja's doctors, and documents confirming Kraja's Socialist Party membership. Petitioners conclusorily state that this evidence was sufficient to satisfy their burden of proof. However, Petitioners do not cite any record evidence compelling such a conclusion and, based upon our review, we discern none. The IJ expressly considered Petitioners' proffered corroborating evidence and determined that it was not sufficient to establish that Petitioners suffered persecution based upon Kraja's political affiliation. The BIA affirmed this conclusion. We see no basis for disturbing

_____

[3] This case is distinguishable from Miah v. Ashcroft, 346 F.3d 434, 440 (3d Cir. 2003). In Miah, the IJ rejected the applicant's claims based upon both a lack of corroborating evidence and an adverse credibility determination, but the BIA reversed the adverse credibility determination and adopted only the corroboration analysis. We concluded that the BIA adopted the IJ's corroboration analysis that "was informed by [the IJ's] adverse credibility determination" without providing its own rationale, which precluded our meaningful review of the BIA's decision. Id. at 440. Here, in contrast, the BIA did not reverse the adverse credibility determination, and the IJ's corroboration determination it affirmed applied the Abdulai factors and was "separate and independent from" the adverse credibility finding. See Sandie, 562 F.3d at 251.

6

these determinations.

### III. Conclusion

For the foregoing reasons, we will deny the petition for review.